UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

CYNTHIA PANARELLA,

                                    Plaintiff,         **NOTICE OF REMOVAL**

                          -against-                 Case No. 19-cv-6646

NEW YORK CITY DEPARTMENT OF EDUCATION,
UNITED FEDERATION OF TEACHERS, and
KASANDRA LOPEZ-GARCIA

                               Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

**TO:   THE UNITED STATES DISTRICT COURT,
       EASTERN DISTRICT OF NEW YORK**

           Defendant, the Department of Education of the City of New York ("DOE")[1], by and through its attorney James E. Johnson, Corporation Counsel of the City of New York, respectfully move this Court, with the consent of Defendants United Federation of Teachers and Kasandra Lopez-Garcia as follows:

           1.      On or about November 6, 2019, Defendant DOE received by personal service on the Office of the Corporation Counsel a Summons and Complaint filed in the Supreme Court of the State of New York, County of Richmond, under Index No. 152429/19 with DOE, United Federation of Teachers, and Kasandra Lopez-Garcia as the Defendants therein, and setting forth the claims for relief upon which the action is based.

           2.      A copy of Plaintiff's Summons and Complaint is annexed hereto as Exhibit "A."

---

[1] "New York City Department of Education" is formally the Board of Education of the City School District of the City of New York, as defined and existing pursuant to the New York State Education Law.

3.      Plaintiff brings this action alleging, *inter alia*, that Defendants DOE, violated her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., by failing to accommodate her disabilities. <u>See</u> Exhibit "A."

4.      The above-captioned action is a civil action of which the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges claims which arise under the laws of the United States. This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441 and 1443.

5.      This Notice of Removal is timely because it is being filed within thirty days of Defendant's receipt of the Summons and Complaint. <u>See</u> 28 U.S.C. § 1446 (b).

6.      Pursuant to 28 U.S.C. §1466(d), counsel for Defendant DOE shall promptly provide plaintiff with written notice of the filing of this Notice of Removal, and shall file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Richmond.

7.      Defendant DOE reserves all claims and defenses, including, without limitation, those set forth in Rule 12(b) of the Federal Rules of Civil Procedure

8.      Defendant DOE is unaware of any previous application for the relief requested herein.

**WHEREFORE**, Defendants respectfully request that the above-captioned action be removed from the Supreme Court of the State of New York, County of Richmond, to the United States District Court for the Eastern District of New York.

Dated:      New York, New York
            November 25, 2019

JAMES L. JOHNSON
Corporation Counsel
 of the City of New York
Attorney for Defendant
100 Church Street, Room 2-109(d)
New York, New York 10007
(212) 356-4382
rquinn@law.nyc.gov


By: _____/s/_____
Rebecca G. Quinn
Assistant Corporation Counsel


TO:   **BY MAIL**

Jonathan B. Behrins
THE BEHRINS LAW FIRM
Attorneys for Plaintiff
1491 Richmond Rd.
Staten Island, NY 10304

# EXHIBIT A

FILED: RICHMOND COUNTY CLERK 10/18/2019 12:43 PM INDEX NO. 152429/2019

NYSCEF DOC. NO. 1 Case 1:19-cv-06646-WFK-SJB Document 1 Filed 11/25/19 Page 5 of 22 PageID #: 5 RECEIVED NYSCEF: 10/18/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

**SUMMONS**

-------------------------------------------------------------------x

CYNTHIA PANARELLA,

Index # _____

Date
Purchased: October 18, 2019

                                    Plaintiff,

        - against -

NEW YORK CITY DEPARTMENT OF EDUCATION
UNITED FEDERATION OF TEACHERS, and
KASANDRA LOPEZ-GARCIA

Plaintiff designates Richmond County
as the place of trial; the basis of the
venue being the place where the cause
of action arose and/or residence.

                                    Defendant.

-------------------------------------------------------------------x

*To the above named defendant:*

        *PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED* to appear in this
action by serving a notice of appearance on the Plaintiff(s) at the address set forth below within
20 days after the service of this Summons (not counting the day of service itself), or within 30
days after service is complete if the summons is not delivered personally to you within the State
of New York.

        *YOU ARE HEREBY NOTIFIED THAT* should you fail to answer or appear, a judgment
will be entered against you by default for the relief demanded below.

Dated: Staten Island, New York
        October 18, 2019

                                    _____
                                    Jonathan B. Behrins
                                    THE BEHRINS LAW FIRM
                                    Attorneys for Plaintiff
                                    Office & P.O. Address
                                    1491 Richmond Road
                                    Staten Island, New York 10304
                                    (718) 447-5541

Defendants' addresses:
NYC Department of Education                United Federation of Teachers
52 Chambers Street                         52 Broadway
New York, New York 10007                   New York, New York 10004

Kasandra Lopez-Garcia
80 Maple Parkway
Staten Island, New York 10303

Case 1:19-cv-06646-WFK-SJB   Document 1   Filed 11/25/19   Page 6 of 22 PageID #: 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
------------------------------------------------------------------x
CYNTHIA PANARELLA,

Index #

                              Plaintiff,

**VERIFIED
COMPLAINT**

    - against -

NEW YORK CITY DEPARTMENT OF EDUCATION
UNITED FEDERATION OF TEACHERS, and
KASANDRA LOPEZ-GARCIA

                              Defendant.
------------------------------------------------------------------x

     The plaintiff, by her attorneys, The Behrins Law Firm, complaining of the defendants,

alleges as follows:

## **NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE**

1. This is an action arising under the Americans with Disabilities Act, 42 U.S.C. Section

   12181, *et seq.*, Section 6, and New York City Human Rights Law, asserting claims for

   violations of the foregoing statutes, including unlawfully denying the plaintiff medical

   leave in violation of the plaintiff's contract with defendants as well as breach of contract,

   and *prima facie* tort.

2. Jurisdiction is proper pursuant to CPLR Section 301

3. Venue is proper pursuant to CPLR Section 503.

4. That Plaintiff, CYNTHIA PANARELLA, at all relevant times herein, was and is a

   resident of the State of New York, County of Richmond.

5. That Defendant, New York City Department of Education ("DoE") was, at all relevant

   times herein, the department of the government of New York City that manages the city's

   public school system.

2

Case 1:19-cv-06646-WFK-SJB   Document 1   Filed 11/25/19   Page 7 of 22 PageID #: 7

6. That the plaintiff, CYNTHIA PANARELLA, was employed by defendant Department of Education from 1996 until her forced retirement in 2018.

7. That Defendant, United Federation of Teachers ("UFT") was, at all relevant times herein, the sole bargaining agent for most of the non-supervisory educators who work in the New York City public schools.

8. That Defendant Kasandra Lopez-Garcia was, at all relevant times herein, the Principal of P.S. 44.

9. That Defendants DoE and UFT are contractually bound pursuant by a Collective Bargaining Agreements and addenda.

10. The actions complained of herein all occurred within the State of New York.

11. The plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

12. On June 25, 2019, the plaintiff filed a charge of discrimination with the EEOC.

13. On July 18, 2019, the plaintiff received a right to sue notice from the EEOC.

## FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

14. The plaintiff, Cynthia Panarella, began her employment with the defendant, New York City Department of Education, in 1996, as a paraprofessional.

15. The plaintiff is licensed in Special Education and has been a Special Education teacher since September 2002.

16. The plaintiff is currently 67 years old.

17. At all relevant times herein, the plaintiff was a teacher at P.S. 44, located at 80 Maple Parkway, Staten Island, New York 10303.

18. Throughout her career, the plaintiff was an exemplary employee and teacher with an unblemished record, and was well liked by her colleagues.

3

Case 1:19-cv-06646-WFK-SJB    Document 1    Filed 11/25/19    Page 8 of 22 PageID #: 8

## RIGHT KNEE INJURY

19. As part of the plaintiff's daily routine for the 2011/2012 school year, the plaintiff would shepherd her students between floors. It was a daily occurrence whereby the plaintiff would lead her students up and down multiple flights of stairs several times a day.

20. In or about June 2012, as the plaintiff approached the area of the teachers' lounge, she slipped on water causing her to land forcefully on her right knee. The plaintiff could not get up without the assistance of her para.

21. The plaintiff immediately reported the incident to her superiors.

22. The day after the incident, the plaintiff saw her primary physician, to whom she reported burning pain in her thigh as well as knee pain. The plaintiff was prescribed anti-inflammatory medication.

23. Two weeks later, at the plaintiff's follow up appointment with her primary care physician, she informed her doctor that the medication was not working, so the doctor prescribed physical therapy, which was also unsuccessful.

24. In or about July 2012, the plaintiff saw a specialist, who prescribed MRIs of her neck, back, and knee. The films revealed a torn meniscus (which had been torn and repaired in the Summer of 2011), as well as five bulging discs in her back and neck.

25. On or about November 2012, the plaintiff's specialist faxed her MRI reports to the school and advised that the plaintiff required surgery and informed the school that the plaintiff should not go to work if icy conditions existed.

26. Also, during the summer of 2012, the plaintiff suffered from severe vertigo.

4

Case 1:19-cv-06646-WFK-SJB   Document 1   Filed 11/25/19   Page 9 of 22 PageID #: 9

27. As the plaintiff's medical bills mounted, the claims submitted to the appropriate authorities at the DoE were ignored for a period of *years*. During the Summer of 2015, the plaintiff resorted to calling HR Connect[1] repeatedly to gain approval for surgeries deemed necessary by her doctors. Her repeated calls to HR Connect never even garnered a single return call.

28. Both defendant DoE and defendant UFT failed to act or respond in any way toward resolving clearance and payment of the plaintiff's deteriorating physical condition, thereby causing exacerbation to her then existing injuries. The plaintiff's pain increased and pain treatment was ineffective.

29. On September 4, 2018, the plaintiff emailed the principal, Ms. Lopez-Garcia, a copy of her surgeon's diagnosis, prognosis, date of leave, and expected date of return. The plaintiff advised Principal Lopez-Garcia that she would be coming to work September 4, 5, and 6. The principal acknowledged receipt of the plaintiff's communication.

30. On September 7, 2018, the plaintiff underwent a full replacement of her right knee.

31. Several weeks after the plaintiff's knee replacement operation, the plaintiff received a certified letter from Principal Lopez-Garcia stating that she did not know of the plaintiff's whereabouts since September 7, 2018. The letter further indicated that the plaintiff must return to work or be removed from payroll and medical coverage.

32. On or about the same time that the aforementioned letter was received from Lopez-Garcia, an SCI investigator went to the plaintiff's house while she was not home and left his card in her door. The plaintiff called to find out what the matter was, but the plaintiff was simply advised to stop by the SCI office and was not given any more details.

---

[1] HR Connect is a web portal for New York City DoE employees for information regarding human resources related issues such as benefits, leaves of absence, certification, payroll, and personal and tax data changes.

5

33. The plaintiff called the UFT and was directed to call the UFT's counsel regarding the charges against her. The paralegal informed the plaintiff that Lopez-Garcia claimed that the plaintiff was witness to the payroll secretary changing the codes in the plaintiff's Cumulative Absence Record ("CAR"), and that was the reason why the plaintiff was to report to the SCI investigator. What the plaintiff discovered is that the payroll secretary was directed by Lopez-Garcia to change the plaintiff's CAR in order to deprive her of 92 sick days that she had accumulated by falsely claiming that the plaintiff had used. The plaintiff never saw the payroll secretary (or anyone) change anything in her CAR.

**LEFT TOE INJURY**

34. On or about March 21, 2014, while the plaintiff was still suffering from a right torn meniscus that was going untreated because the defendants were not granting approval for her medical treatment, the plaintiff was still required to travel between floors several times a day. A student shoving match caused injury to the plaintiff's left foot, resulting in a titanium screw in the plaintiff's big toe becoming dislodged.

35. The plaintiff reported the incident timely and filed for Line of Duty Injury ("LODI") Leave. For the ensuing four plus years, the plaintiff repeatedly asked for approval for surgery, but experienced the same rejection by the defendants' complete silence. The plaintiff would repeatedly and constantly contact the DoE to obtain approval for the surgery. The plaintiff went directly to the Deputy Chancellor. The plaintiff went directly to her then Principal, Joseph Miller. Not one person could help the plaintiff so much as find the right person to speak to.

36. The plaintiff finally had the titanium screw reinserted in May 2018.

6

Case 1:19-cv-06646-WFK-SJB   Document 1   Filed 11/25/19   Page 11 of 22 PageID #: 11

37. After over four years, the defendants finally *accepted* the plaintiff's Line of Duty Injury ("LODI") request, only after the plaintiff's toe deteriorated to the point where she could no longer walk. However, there is a distinct difference between accepting the application and approving it. Ultimately, HR Connect denied LODI. The plaintiff missed work from January 27, 2018 until August 1, 2018, and all of those missed days were considered absences.

38. On or about August 1, 2018, the plaintiff filed for arbitration on the denial of her multiple LODI requests, which the UFT said would take anywhere from "six months to a year." As of the filing of this complaint, the plaintiff has yet to even receive an arbitration date, let alone a ruling.

39. The plaintiff sought to file a grievance regarding HR Connect's decision, but the UFT representative advised the plaintiff she could not do so. This was false information contradictory to the CBA.

40. Another UFT representative submitted an "*et al* grievance" for all UFT members with denied LODI claims. The plaintiff asked the representative to add her name to the grievance, but he told the plaintiff to speak to the representative from paragraph 39. That representative refused to file the grievance on the plaintiff's behalf on the basis that the UFT liaison to HR Connect said there is no grievance.

**LEFT KNEE INJURY**

41. On or about December 23, 2015 the plaintiff took her class to the Christmas show in the auditorium. An autistic student of the plaintiff's was awaiting the mandatory para he was required to have, but no para had been assigned since the beginning of the school year. Putting the student's interests first, the plaintiff intended to sit next to the student for the

show. For safety's sake, another para from the plaintiff's class sat on the other side of the student. When the autistic student pulled down a seat for the plaintiff without her knowledge, she banged her left knee into the seat, causing injury.

42. On or about February 8, 2017, the plaintiff was walking from the auditorium to the playground stairs. A first grader was walking *on* the handrail and could have fallen, injuring himself and several of his classmates. The plaintiff took the student by his hand to make sure he did not hurt himself or anyone else. He reacted by repeatedly kicking the plaintiff's already injured left knee.

43. On or about February 15, 2017, another student kicked the plaintiff's left knee.

44. As a result of the three injuries to the plaintiff's left knee, she sustained repeated exacerbation of the initial left knee injury requiring pain injections, medication, and, ultimately, surgery.

45. The plaintiff again filed for LODI, medical leave, and approval for surgery, all of which was denied. The LODI claim was denied because the plaintiff had a "previous condition or disease," thus creating a Catch-22.

46. Ultimately, the plaintiff's knee deteriorated to the point where surgery was an immediate necessity. On January 27, 2018, the plaintiff underwent surgery on her left knee.

47. Defendant UFT again thwarted the plaintiff from filing a grievance, but the plaintiff did file for arbitration. Unfortunately, but unsurprisingly, the plaintiff has yet to receive a response to the filing.

## VIOLATION OF AMERICANS WITH DISABILITIES ACT AND NEW YORK CITY HUMAN RIGHTS LAW

8

FILED: RICHMOND COUNTY CLERK 10/18/2019 12:43 PM INDEX NO. 152429/2019

NYSCEF DOC. NO. 1    Case 1:19-cv-06646-WFK-SJB   Document 1   Filed 11/25/19   Page 13 of 22 PageID #: 13   RECEIVED NYSCEF: 10/18/2019

48. In spite of the multiple injuries the plaintiff while in the line of duty, and in nothing short of a malicious act in or about June 2018, Principal Lopez-Garcia distributed the classroom reorganization sheet for the following school year, which indicated the plaintiff's classroom would be moved from the third floor to the fourth floor (the highest floor in the building), in a room with no air conditioning. The lack of air condition is important to note because the plaintiff required an accommodation (which was granted) for air conditioning because of the plaintiff's Chronic Obstructive Pulmonary Disease.

49. A letter was written to advise of the plaintiff's COPD and the accommodation necessary for the plaintiff to have an air conditioned room. Another letter from another doctor detailing the requirement for an accommodation for the plaintiff to not be going up and down stairs. There is no elevator in the school. The plaintiff filed a grievance regarding the assignment to a top floor, un-air conditioned classroom. The grievance would undoubtedly be extant today, but for the plaintiff being forced into retirement.

50. Throughout every incident befalling the plaintiff, she has always followed proper procedure. Nevertheless, the defendants, individually and collectively, engaged in a pattern of behavior whereby they consistently denied the plaintiff proper relief by holding her claims in abeyance with their non-responsiveness and lack of definitive answers. The pattern continued even as the defendants' pre-textual requirements were too much for the plaintiff to bear in continuing her employment.

51. Following the plaintiff's forced retirement, the pattern continued in the defendants' unlawful withholding of the majority of the plaintiff's pension payments. The defendants alleged that the plaintiff owed a $259.55 deficit. The plaintiff sent the defendants a check for $259.55 in May 2018, but the issue was not remedied. For the subsequent 10 months,

9

the plaintiff repeatedly attempted to contact the defendants, but, fitting their pattern of

behavior, they deliberately and maliciously withheld their allegation that they never

received the check nor did they offer the plaintiff a viable solution. As of the filing of this

action, the defendants are still depriving the plaintiff of her full pension.

### DAMAGES

52. As a result of the plaintiff's injuries combined with the defendants deliberate acts of

omission and commission, the defendants have:

    a.   denied the plaintiff's several days off that were necessary due to icy conditions;

    b.   withheld the plaintiff's pay from September 1, 2018 until the date of the

        plaintiff's forced retirement on December 7, 2018;

    c.   stolen 92 sick days from the plaintiff due to her absences and the denial of LODI;

    d.   withheld $10,700 of retroactive pay from the 2014 teachers' contract;

    e.   contributed nothing to the plaintiff's out of pocket medical costs in excess of

        $8,000 and counting; and

    f.   withheld part of the plaintiff's pension by paying her approximately $1,500 a

        month when she should be receiving approximately $4,000 a month.

### AS AND FOR A FIRST CAUSE OF ACTION FOR

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

53. Plaintiff repeats, reiterates, and realleges, each of the allegations contained in the

plaintiff's as if more fully realleged and set forth at length herein.

54. That the defendants' actions unlawfully discriminated against the plaintiff as a result of

her disability.

10

Case 1:19-cv-06646-WFK-SJB   Document 1   Filed 11/25/19   Page 15 of 22 PageID #: 15

55. That the defendants knowingly and intentionally discriminated against the plaintiff by moving to a classroom on the top floor of the building despite being aware of her condition in both knees, as well as her left foot.

56. That the defendants knowingly and intentionally changed the plaintiff's classroom to one without air conditioning despite the plaintiff having an approved accommodation for an air conditioned room due to her COPD.

57. As a result of the foregoing, the plaintiff sustained economic damages.

58. As a result of the aforesaid, the plaintiff was rendered sick, lame, and disabled, suffered, still suffers, and will continue to suffer for some time to come from great pain, mental anguish, nervous shock, and was incapacitated from attending to her usual duties, all to her damage.

<strong><u>AS AND FOR A SECOND CAUSE OF ACTION FOR</u></strong>

<strong><u>VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW</u></strong>

59. Plaintiff repeats, reiterates, and realleges, each of the allegations contained in the plaintiff's as if more fully realleged and set forth at length herein.

60. That the defendants' actions unlawfully discriminated against the plaintiff as a result of her disability.

61. That the defendants knowingly and intentionally discriminated against the plaintiff by moving to a classroom on the top floor of the building despite being aware of her condition in both knees as well as her foot.

62. That the defendants knowingly and intentionally changed the plaintiff's classroom to one without air conditioning despite the plaintiff having an approved accommodation for an air conditioned room due to her COPD.

11

63. As a result of the foregoing, the plaintiff sustained economic damages.

64. As a result of the aforesaid, the plaintiff was rendered sick, lame, and disabled, suffered, still suffers, and will continue to suffer for some time to come from great pain, mental anguish, nervous shock, and was incapacitated from attending to her usual duties, all to her damage.

## AS AND FOR A THIRD CAUSE OF ACTION FOR

## NEGLIGENT MISREPRESENTATION CAUSING HARM

65. Plaintiff repeats, reiterates, and realleges, each of the allegations contained in the plaintiff's complaint as if more fully realleged and set forth at length herein.

66. Defendants made multiple misrepresentations to the plaintiff, specifically relating to how to proceed regarding obtaining treatment for her injuries sustained while at work.

67. Defendants were aware that their statements would be relied on by the plaintiff. The plaintiff waited years to schedule surgeries to repair her various injuries on the representations by Defendants that the plaintiff must wait for approval before undergoing the surgeries.

68. Defendants' misrepresentations came at a cost to the plaintiff of her health and employment.

69. Any reasonable person in the plaintiff's position, including the plaintiff, would rely on the defendants' false, misleading and deceitful information and act accordingly.

70. The plaintiff was in fact deceived and misled by the defendants.

71. As a result of the foregoing, the plaintiff sustained economic damages in the form of medical expenses, lost wages, lost benefits, unlawfully reduced pension pay, as well as the loss of her job due to forced retirement.

12

FILED: RICHMOND COUNTY CLERK 10/18/2019 12:43 PM INDEX NO. 152429/2019

NYSCEF DOC. NO. 1 Case 1:19-cv-06646-WFK-SJB Document 1 Filed 11/25/19 Page 17 of 22 PageID #: 17 RECEIVED NYSCEF: 10/18/2019

72. As a result of the aforesaid, the plaintiff was rendered sick, lame, and disabled, suffered, still suffers, and will continue to suffer for some time to come from great pain, mental anguish, nervous shock, and was incapacitated from attending to her usual duties, all to her damage.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR
## BREACH OF CONTRACT

73. Plaintiff repeats, reiterates, and realleges, each of the allegations contained in the plaintiff's complaint designated as if more fully realleged and set forth at length herein.

74. That in or about 1996, the defendants and the plaintiff entered into an employment agreement that governed the employer/employee relationship in the form of the collective bargaining agreement.

75. That the egregious, unjustified conduct of the defendants constitutes a breach of the employment agreement between the plaintiff and defendants.

76. As a result of the foregoing, the plaintiff sustained economic damages.

77. As a result of the aforesaid, the plaintiff was rendered sick, lame, and disabled, suffered, still suffers, and will continue to suffer for some time to come from great pain, mental anguish, nervous shock, and was incapacitated from attending to her usual duties, all to her damage.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR
## *PRIMA FACIE* TORT

78. Plaintiff repeats, reiterates, and realleges, each of the allegations contained in the plaintiff's complaint designated as if more fully realleged and set forth at length herein.

79. That the defendants' actions constitute a *prima facie* tort.

13

FILED: RICHMOND COUNTY CLERK 10/18/2019 12:43 PM INDEX NO. 152429/2019

NYSCEF DOC. NO. 1    Case 1:19-cv-06646-WFK-SJB   Document 1   Filed 11/25/19   Page 18 of 22 PageID #: 18   RECEIVED NYSCEF: 10/18/2019

80. That the defendants engaged in actions that harmed the plaintiff.

81. That the defendants displayed disinterested malevolence in ignoring the plaintiff in her attempts to obtain information on how to proceed regarding her injuries.

82. That the defendants displayed disinterested malevolence in moving the plaintiff's classroom to the top floor of the building despite being fully aware of her COPD and knee and toe conditions.

83. As a result of the foregoing, the plaintiff sustained economic damages.

84. That by reason of the aforesaid, the plaintiff was rendered sick, lame, and disabled, suffered, still suffers, and will continue to suffer for some time to come from great pain, mental anguish, nervous shock, and was incapacitated from attending to her usual duties, all to her damage.

WHEREFORE, the Plaintiff, CYNTHIA PANARELLA, demands judgment against defendants on the First, Second, Third, Fourth, and Fifth Causes of Action in the aggregate sum of $10,000,000.00, together with costs, interest, attorneys' fees, punitive damages, and such other and further relief as this Court deems just and proper.

Dated: Staten Island, New York
       October 18, 2019

Jonathan Behrins
The Behrins Law Firm
Attorneys for Plaintiff
Office & P.O. Address
1491 Richmond Road
Staten Island, New York 10304
(718) 447-5541
jb@behrinslaw.com

## VERIFICATION

STATE OF NEW YORK          }
                           .ss:
~~COUNTY OF RICHMOND~~ }
*County of Columbia*

    CYNTHIA PANARELLA, being duly sworn, says that she is the Plaintiff in the above-entitled proceeding and that the foregoing is true to her own knowledge, except as to matters herein stated to be alleged on information and belief and as to those matters she believes them to be true.

                                                    Cynthia Panarella

Sworn to before me this
*18* day of October 2019

                               ANTONIETTA D. PEIXOTO
                           Notary Public - State of New York
                           No. 01-FE6222811
                           Qualified in Dutchess County
                           My Commission Expires 06/01/20___

    Notary Public

15

# EXHIBIT B

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Cynthia Panarella

**DEFENDANTS**
New York City Department of Education, United Federation of Teachers, Kasandra Lopez-Garcia

**(b)** County of Residence of First Listed Plaintiff  Richmond
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  New York
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan B. Behrins, The Behrins Law Firm
1491 Richmond Rd., Staten Island, NY 10304
(718) 447-5541

Attorneys *(If Known)*
For DOE: Rebecca Quinn, New York City Law Department
100 Church Street, New York, NY 10007
(212) 356-4382

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☒ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 12101, et seq.
Brief description of cause:
Alleged denial of reasonable accommodations.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
10,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____  DOCKET NUMBER _____

DATE
11/25/2019

SIGNATURE OF ATTORNEY OF RECORD
*Rebecca G. Qi*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _Rebecca Quinn_____, counsel for ___Department of Education___, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County? ☐ Yes ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? ☐ Yes ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? ☑ Yes ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received: .

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?____☐ Yes ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain ☑ No

I certify the accuracy of all information provided above.

**Signature:** _Rebecca Quinn_

Last Modified: 11/27/2017